NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3894-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JAVIEL TORO,

 Defendant-Appellant.

_______________________________

 Submitted October 3, 2017 – Decided November 27, 2017

 Before Judges Carroll and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Indictment No.
 08-10-2524.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Adam W. Toraya, Designated
 Counsel, on the brief).

 Damon G. Tyner, Atlantic County Prosecutor,
 attorney for respondent (Brett Yore, Assistant
 Prosecutor, of counsel and on the brief).

PER CURIAM

 Defendant Javiel Toro appeals from a March 31, 2016 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. We affirm.
 The following facts are taken from the record. An Atlantic

County Grand Jury indicted defendant on six counts of second-

degree sexual assault of a fifteen-year-old girl in violation of

N.J.S.A. 2C:14-2(c). On January 27, 2009, defendant pled guilty

to count one of the indictment. He appeared with plea counsel and

after providing a factual basis for the plea, engaged in a colloquy

with counsel confirming the knowing and voluntary nature of the

plea. Specifically, defendant confirmed that he had reviewed all

of the discovery provided in the case and understood it. He

answered questions confirming he understood the plea forms and had

initialed and signed them. Defendant answered questions

acknowledging the potential prison sentence that could be imposed

as a result of his conviction. He acknowledged the plea agreement

would subject him to a five-year prison term with no parole

disqualifier.

 During the plea hearing, defendant also responded to

questions from the court. Specifically, he acknowledged he would

be subject to an evaluation, pursuant to N.J.S.A. 2C:47-1, which

required a psychological evaluation to determine whether he was a

compulsive and repetitive sex offender. Defendant testified he

understood the sentence would include a no-contact-with-the-victim

provision, registration under Megan's Law, N.J.S.A. 2C:7-1 to

-23, and monetary penalties.

 2 A-3894-15T4
 The court took a brief recess during defendant's plea hearing

because the Megan's Law plea form and the parole supervision form

had not been completed. The judge returned to the bench to ask

whether defendant understood and completed the forms. Defendant

testified he reviewed, understood, and had provided truthful

answers to questions on the forms. He stated that he understood

he would be subject to parole supervision for life.

 Defendant further confirmed he was satisfied with the terms

and conditions of his plea, and the performance of his counsel.

He also stated that he understood the rights he was relinquishing

by entering into a plea, the presumption of innocence, the right

to confront and produce witnesses, and the State's burden of proof.

 Defendant's sentencing hearing took place on August 14, 2009.

Defendant appeared with new counsel who advised the court he had

reviewed the discovery and understood the possible sentence

exposure to defendant if he proceeded to trial. Counsel also

informed the court defendant wished to withdraw his guilty plea.

Counsel told the court he saw no basis to file a motion to withdraw

the plea. Defendant was sentenced in accordance with the plea

agreement to five-years in prison with no parole disqualifier.

 On June 30, 2015, defendant filed a petition for PCR. In his

petition he asserted he received ineffective assistance of counsel

when his first counsel failed to advise him he would be subject

 3 A-3894-15T4
to parole supervision for life. Defendant also argued his second

counsel was ineffective for failing to file a motion to withdraw

the guilty plea before sentencing, and for subsequently failing

to appeal the sentence.

 The PCR court denied defendant's petition on March 31, 2016.

The court found the petition was barred by Rule 3:22-12(a)(1)

because it was filed more than five-years after the judgment of

conviction, and defendant had not presented excusable neglect for

the late filing. Notwithstanding the time bar, the PCR court

addressed the merits of defendant's petition. The court found

defendant had not presented a prima facie case of ineffective

assistance of counsel given the thoroughness of the plea colloquy

and the record made at the sentencing hearing. Consequently, the

PCR court denied an evidentiary hearing.

 On appeal, defendant raises the following arguments:

 POINT ONE - THE TRIAL COURT ERRED IN DENYING
 THE DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION AT THE TRIAL LEVEL.

 POINT TWO – THE COURT MISAPPLIED ITS
 DISCRETION IN APPLYING R. 3:22-12 BECAUSE THE
 SIGNIFICANCE OF THE ISSUES RAISED, AND THEIR
 IMPACT ON THE INTEGRITY OF THE CRIMINAL
 JUSTICE SYSTEM, WARRANTED A RELAXATION OF THE
 FIVE-YEAR TIME BAR.

 4 A-3894-15T4
 I.

 Defendant asserts the PCR court should have granted him an

evidentiary hearing to address his claim that he did not understand

he would be on parole supervision for life. We disagree.

 Rule 3:22-10(b) provides:

 A defendant shall be entitled to an
 evidentiary hearing only upon the
 establishment of a prima facie case in support
 of post-conviction relief, a determination by
 the court that there are material issues of
 disputed fact that cannot be resolved by
 reference to the existing record, and a
 determination that an evidentiary hearing is
 necessary to resolve the claims for relief.
 To establish a prima facie case, defendant
 must demonstrate a reasonable likelihood that
 his or her claim, viewing the facts alleged
 in the light most favorable to the defendant,
 will ultimately succeed on the merits.

Furthermore, Rule 3:22-10(e) provides the court shall not grant

an evidentiary hearing if: (1) it "will not aid [in] the court's

analysis of the defendant's entitlement to post-conviction

relief;" (2) "the defendant's allegations are too vague,

conclusory or speculative;" or (3) the defendant is attempting to

use the hearing to explore or investigate other possible

unsubstantiated PCR claims.

 The decision of whether to hold an evidentiary hearing on a

PCR petition is committed to the sound discretion of the PCR judge.

State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The

 5 A-3894-15T4
judge should grant an evidentiary hearing and make a determination

on the merits of a defendant's claim only if the defendant has

presented a prima facie claim of ineffective assistance. State

v. Preciose, 129 N.J. 451, 462 (1992).

 In determining whether a prima facie claim has been

established, the facts should be viewed "in the light most

favorable to a defendant." Id. at 462-63. Additionally, "[a]

petitioner must establish the right to such relief by a

preponderance of the credible evidence." Id. at 459. "To sustain

that burden, specific facts must be alleged and articulated" to

"provide the court with an adequate basis on which to rest its

decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

 To establish ineffective assistance of counsel, defendant

must satisfy a two-prong test:

 First, the defendant must show that counsel's
 performance was deficient. This requires
 showing that counsel made errors so serious
 that counsel was not functioning as the
 "counsel" guaranteed the defendant by the
 Sixth Amendment. Second, the defendant must
 show that the deficient performance prejudiced
 the defense. This requires showing that
 counsel's errors were so serious as to deprive
 the defendant of a fair trial, a trial whose
 result is reliable. Unless a defendant makes
 both showings, it cannot be said that the
 conviction or death sentence resulted from a
 breakdown in the adversary process that
 renders the result unreliable.

 6 A-3894-15T4
 [Strickland v. Washington, 466 U.S. 668, 687
 (1984); State v. Fritz, 105 N.J. 42, 52 (1987)
 (quoting Strickland, 466 U.S. at 687).]

 Counsel's performance is evaluated with extreme deference,

"requiring 'a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance.'"

Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 688-89).

"To rebut that strong presumption, a [petitioner] must establish

[] trial counsel's actions did not equate to 'sound trial

strategy.'" State v. Castagna, 187 N.J. 293, 314 (2005) (quoting

Strickland, 466 U.S. at 689). "Mere dissatisfaction with a

'counsel's exercise of judgment' is insufficient to warrant

overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013)

(quoting State v. Echols, 199 N.J. 344, 358 (2009)).

 To demonstrate prejudice, "'actual ineffectiveness' . . .

must [generally] be proved." Fritz, 105 N.J. at 52. Petitioner

must show the existence of "a 'reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome.'"

State v. Savage, 120 N.J. 594, 614 (1990) (quoting Strickland, 466

U.S. at 694). Indeed,

 [i]t is not enough for [a] defendant to show
 that the errors had some conceivable effect
 on the outcome of the proceeding. Virtually

 7 A-3894-15T4
 every act or omission of counsel would meet
 that test and not every error that conceivably
 could have influenced the outcome undermines
 the reliability of the result of the
 proceeding.

 [Strickland, 466 U.S. at 693 (citation
 omitted).]

 There is no evidence to support defendant's assertion his

first counsel did not inform him he would be subject to parole

supervision for life or explain the consequences of the lifetime

supervision to defendant. First, as we previously noted, during

the plea colloquy, the trial court stopped the proceeding to note

defendant had not completed the form, which addressed among other

things, parole supervision for life. The court then took a recess

to enable defendant to review and complete the form. Second, the

form completed by defendant asked for a yes or no answer to the

following question:

 Do you understand that being sentenced to
 parole supervision for life means that upon
 release from incarceration or immediately upon
 imposition of a suspended sentence you will
 be supervised by the Division of Parole for
 at least [fifteen] years and will be subject
 to provisions and considerations of parole,
 including conditions appropriate to protect
 the public and foster rehabilitation, such as
 but not limited to, counseling, Internet
 access or use, and other restrictions which
 may include restrictions on where you can
 live, work, travel or persons you can contact?

Defendant responded "yes" to this question.

 8 A-3894-15T4
 Third, the trial court inquired whether defendant had

reviewed the form bearing the lifetime parole supervision

question. The following colloquy ensued:

 THE COURT: Let me just clarify that you have
 reviewed . . . the four page form known as the
 New Jersey Judicial Additional Questions For
 Certain Sexual Offenses. Did you review all
 of those to your satisfaction with [defense
 counsel]?

 THE DEFENDANT: Yes.

 THE COURT: Understanding all of those, did you
 provide truthful answers to all of the
 questions on them?

 THE DEFENDANT: Yes.

 THE COURT: And you initialed and/or signed
 these documents?

 THE DEFENDANT: Yes.

 THE COURT: Is there anything at all which
 appeared on these pages or was asked of you
 or any term, condition, et cetera, of this
 plea agreement that you feel you don't fully
 and completely understand?

 THE DEFENDANT: No.

 Recounting this record, the PCR court found:

 Counsel was not ineffective for failing to
 advise the defendant of [the] full
 consequences of how parole supervision for
 life would affect him because the record shows
 that he was clearly advised of such.

 The record clearly shows defendant was advised
 multiple times of the consequences of his plea
 [] when the plea was entered.

 9 A-3894-15T4
We agree. Although defendant claims he was "blind-sided" by his

first counsel's failure to advise him about the parole supervision

terms and forms, the record does not support that claim. The

record lacks prima facie evidence of ineffective assistance of

counsel at the plea stage.

 Defendant also argues that his second counsel was ineffective

at the sentencing because he failed to file a motion to withdraw

the plea. He argues his second counsel was ineffective because

he summarily concluded filing such a motion would be a "fruitless

pursuit." Defendant argues the PCR court should not have relied

on counsel's statement to deny his petition because "[t]he question

of whether or not the pursuit would be fruitless rests entirely

upon whether first counsel properly advised him during the off the

record discussions."

 Defense counsel addressed defendant's request to withdraw the

plea during the sentencing hearing.

 [DEFENSE COUNSEL]: I'm putting it all on the
 record. I know we met briefly. I did explain
 to him all the options and my understanding
 of the law and I told him that I saw no basis
 to make a motion. There's nothing that he was
 under the influence. He answered your Honor's
 questions. Your Honor questioned him about
 the facts of the case and his attorney
 questioned him about the facts of the case and
 his understanding with all of the additional
 forms because half way through the plea, your
 Honor, indicated that all the forms had not

 10 A-3894-15T4
 been filed and you took a recess and you came
 back and so I went over everything with him.

 So I'm ready to proceed with sentencing, your
 Honor. I don't know if my client wants to
 make an application, but I have no application
 with the Court to make a motion to withdraw
 because there's no basis that I can find. He
 didn't suffer from any mental problems. He
 wasn't under the influence of drugs or alcohol
 at the time and although in some letters he
 indicated he was coerced by [prior defense
 counsel], I think the word coercion wasn't
 that he was forced to do it, but he's
 indicating that he thought that she could get
 a better deal for him which she didn't get.

Defendant's second counsel thoroughly explained the substantive

discussions he had with defendant surrounding potential withdrawal

of the plea. Counsel explained defendant's reasons for wanting

to withdraw the plea and why it was fruitless to proceed with such

a motion.

 The sentencing judge agreed there was no basis for a motion

to withdraw the plea. He stated:

 I concur with [defense counsel's] analysis of
 the plea that was put on the record on January
 27. I think it was very carefully done. I
 had to interrupt [] [c]ounsel and make certain
 that all of the proper paperwork was filled
 out and completed and reviewed and understood
 by [defendant]. I came back out on the bench
 and made doubly certain of that fact that this
 wasn't rushed through or something that he
 didn't want to do. I asked him if he was
 satisfied with his attorney and satisfied with
 the work she did for him and he indicated that
 he was. There was absolutely no ground under

 11 A-3894-15T4
 Slater[1] or any of the cases that preceded
 Slater, although Slater arguably created new
 guidelines, if you will, courtesy of the
 Supreme Court, with regard to the withdrawal
 of guilty pleas[.]

 The PCR court found:

 The Judge's position to this Court's review
 seems well supported. There's no colorable
 claim of innocence, as the petitioner seems
 to have confessed to the sexual assaults.
 Thus, Factor 1 of the Slater factors does not
 support allowing the withdrawal. The
 petitioner's only reason for seeking the
 withdrawal was because he felt the plea offer
 was too high, and this is supported [by] the
 transcript. . . .

 Thus, Factor 2 does not support his position.
 The plea was the result of a plea bargain.
 Thus, Factor 3 weighs against the petitioner.
 The only factor that weighs in favor of
 allowing a withdrawal is Factor 4, as there
 would not be undue prejudice to the State.
 The case was less than two years old when the
 defendant sought to withdraw his plea.

 On balance, the factors weigh heavily against
 allowing the withdrawal. Thus, even if
 [defense counsel] had filed the defendant's

1
 In State v. Slater, 198 N.J. 145, 157-58 (2009), the Supreme
Court stated:

 We hold that trial judges are to consider and
 balance four factors in evaluating motions to
 withdraw a guilty plea: (1) whether the
 defendant has asserted a colorable claim of
 innocence; (2) the nature and strength of
 defendant's reasons for withdrawal; (3) the
 existence of a plea bargain; and (4) whether
 withdrawal would result in unfair prejudice
 to the State or unfair advantage to the
 accused.

 12 A-3894-15T4
 application, it would not have been granted
 . . . and would not have changed the results
 of the proceeding.

 We conclude the PCR court correctly found that defendant had

not presented a prima facie case of ineffective assistance of

counsel. Therefore, the court correctly found that an evidentiary

hearing was not required.

 II.

 Defendant argues the PCR court abused its discretion by

concluding defendant's petition was time-barred. Again, we

disagree.

 Rule 3:22-12(a)(1) states:

 [N]o petition shall be filed pursuant to this
 rule more than [five] years after the date of
 entry . . . of the judgment of conviction that
 is being challenged unless:

 (A) it alleges facts showing that the delay
 beyond said time was due to defendant's
 excusable neglect and that there is a
 reasonable probability that if the defendant's
 factual assertions were found to be true
 enforcement of the time bar would result in a
 fundamental injustice[.]

The burden rests with defendant to establish excusable neglect.

State v. Milne, 178 N.J. 486, 492 (2004).

 "The New Jersey Supreme Court has required a showing of

'compelling, extenuating circumstances' or, alternatively,

'exceptional circumstances,' to relax the time limitation for a

 13 A-3894-15T4
PCR petition." State v. Brewster, 429 N.J. Super. 387, 400 (App.

Div. 2013) (quoting Milne, 178 N.J. at 492). The Court has

explained the decision to relax the time bar should only occur

under exceptional circumstances and the court should consider: (1)

"the extent and cause of the delay"; (2) "the prejudice to the

State"; and (3) "the importance of the petitioner's claim in

determining whether there has been an 'injustice' sufficient to

relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997)

(quoting Mitchell, 126 N.J. at 580).

 Defendant argues his petition for PCR is not time-barred

because adherence to the time bar would result in an injustice.

Defendant claims he "only understood the additional penalties he

actually faced when he was incarcerated in 2015." He argues he

was "unaware that he even had the right to file a PCR," and after

becoming aware filed his petition.

 The judgment of conviction is dated August 14, 2009, and

defendant did not file his PCR petition until June 30, 2015, nearly

six years later. The PCR court found defendant had not established

excusable neglect for the late filing. The court stated:

 [I]gnorance of the alphabet in these cases is
 not sufficient to constitute excusable
 neglect, let alone ignorance of the law.
 Citizens of the State are charged with knowing
 the laws of New Jersey. Those who remain
 uninformed do so at their own peril.

 14 A-3894-15T4
 As such, the defendant's supposed ignorance
 should not be considered excusable neglect,
 and the petition is denied on this basis.

 We agree with the PCR court's determination. A "[d]efendant's

assertion that he lacks sophistication in the law does not

[constitute] exceptional circumstances." State v. Murray, 162

N.J. 240, 246 (2000). Therefore, pursuant to Rule 3:22-12(a)(1),

defendant's PCR petition should have been filed by August 14,

2014, and thus, was time-barred.

 Moreover, defendant does not meet the criteria outlined in

Afanador, 151 N.J. at 52, to relax the time bar. He has not

provided an adequate reason for the delay in filing the PCR

petition, and has not demonstrated that enforcement of the time-

bar would result in a fundamental injustice. Therefore, we

conclude the PCR court correctly found defendant's petition was

time-barred.

 Affirmed.

 15 A-3894-15T4